No. 3641

Second Circuit

---

HOUSEMAN SHEET METAL WORKS v. KAUCHER-HODGES & CO.

---

(November 18, 1929.   Opinion and Decree.)

---

Harry V. Booth, of Shreveport, attorney for plaintiff, appellant.

Cook & Cook, of Shreveport, attorneys for defendant, appellee.

WEBB, J.   Kaucher-Hodges & Company, defendant, contracted with the city of Shreveport to construct a building according to plans and specifications, and defendant sublet a part of the work to plaintiff, who instituted this action against defendant for alleged extra work.

The question presented was whether or not the specifications for the work undertaken by plaintiff included the alleged extra work, and it is conceded that plaintiff

carried the burden of proof, and further, that before the alleged extra work was done, plaintiff had taken the position that the specifications did not call for such work, or for the character of materials which the supervising engineers of the city demanded should be used, and the question was agreed to be submitted to arbitration by well-known contractors, who held that the materials which the engineers demanded should be used in the work were called for under the specifications, and plaintiff then proceeded to do the work with full knowledge that the defendant construed the specifications as including the work which plaintiff now contends was not included in the specifications.

On trial, the finding of the arbitrators was not pleaded as binding on plaintiff, and it is contended that the contractors, to whom the question had been submitted, should not have been permitted to state their opinion, which was reached on their previous examination of the specifications and inspection of the work.

The objection goes rather to the effect of the evidence than to its admissibility, and the opinion of the contractors having been shown to have been reached after considering the specifications and contract of plaintiff, admitted to have been based on the specifications, there is not anything in the record which indicates that the opinions of the contractors called by defendant should be given less weight than those called by plaintiff, who are certainly not shown to have been any better qualified or more conversant with the matter than the contractors called by defendant.

Considering the evidence of the experts called by defendant, as well as that of the experts called by plaintiff, relative to the construction of the specifications, there cannot be any question that plaintiff failed to establish that the work and materials for which additional compensation was claimed, was not included in and called for by the specifications, and the judgment rejecting plaintiff's demands is affirmed.